UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 17-20738
                                HON. DENISE PAGE HOOD
v.

MOHAMED ABDI,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS [#44] AND DENYING DEFENDANT'S ORAL MOTION FOR WITHDRAWAL OF ATTORNEY**

**I. BACKGROUND**

On October 19, 2017, a Criminal Complaint was filed against Defendant Mohamed Abdi ("Abdi"). (Doc # 1) On February 14, 2018, Abdi was charged by Superseding Indictment with nine counts of Interference with Commerce by Robbery (18 U.S.C. § 1951(a)) (Counts I, III, V, VII, IX, XI, XIII, XV, XVII), and nine counts of Use of a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)) (Counts II, IV, VI, VIII, X, XII, XIV, XVI, XVIII). (Doc # 21) On June 12, 2018, Abdi filed a Motion to Suppress. (Doc # 35) The Government filed a Response on July 3, 2018. (Doc # 37) An evidentiary hearing was later held. The Court granted in part and denied in part Abdi's Motion. (Doc # 41)

The first matter that is before the Court is Abdi's Motion for Leave to File Motion to Suppress, filed on October 31, 2018. (Doc # 44) Abdi seeks to suppress the physical evidence that was obtained pursuant to the *Terry* stop, as well as any statements that he made after the *Terry* stop transpired. (Doc # 44, Pg. ID 202) Abdi contends that the initial *Terry* stop and subsequent seizure violated his Fourth Amendment rights. (*Id.* at 201) Abdi also argues that the findings made by this Court in its previously issued Order (Doc # 41) have inspired him to further investigate the circumstances surrounding the stop that ultimately led to his arrest. (Doc # 44, Pg. ID 202)

The Government filed a Response to Abdi's Motion on October 31, 2018. (Doc # 47) The Government argues that this Motion is untimely, and claims that Abdi has not shown good cause that would permit the Court to consider his Motion at this stage in the litigation. The Government also asserts that Abdi's Fourth Amendment rights were not violated.

The second matter is Abdi's Oral Motion for Withdrawal of Attorney. During the hearing regarding Abdi's Motion for Leave to File Motion to Suppress, which was held on November 7, 2018, Abdi asked the Court to appoint another attorney to represent him. Abdi contended that his current attorney, Kimberly Stout ("Stout"), did not fully address his concerns in his initial Motion to Suppress (Doc # 35). Specifically, Abdi asserted that Stout focused on possible Fifth Amendment

2

violations in his Motion to Suppress as opposed to emphasizing his Fourth Amendment concerns. Abdi also argued that he believed that Stout attempted to pressure him into signing a Rule 11 plea agreement.

The Government argued that Abdi's request lacked merit because there is no evidence that Stout has not adequately represented her client. The Government also asserted that if Abdi wished to acquire a different attorney, he could have certainly done so at an earlier stage of the litigation process. The Government additionally argued that Abdi's Motion was merely an attempt to delay his trial.

The Court **DENIED** Abdi's request on the record.

## II. MOTION FOR LEAVE TO FILE MOTION TO SUPPRESS

### A. Standard of Review

Federal Rule of Criminal Procedure 12(b)(3) lists the motions that "must be raised by pretrial motion." Included among them is a motion for "suppression of evidence." Fed.R.Crim.P. 12(b)(3)(C). If a party fails to raise a defense or objection that must be made by pretrial motion before the deadline, that defense or objection is waived. Fed.R.Crim.P. 12(e); *see United States v. Kincaide,* 145 F.3d 771, 778 (6th Cir.1998). The potential harshness of a strict application of this rule is mitigated by a safety valve that allows district courts to grant relief from the waiver for "good cause." Fed.R.Crim.P. 12(e). "At a minimum, [good cause] requires the party

seeking a waiver to articulate some legitimate explanation for the failure to timely file." *United States v. Walden,* 625 F.3d 961, 965 (6th Cir.2010).

**B. Timeliness**

The Court's set deadline for filing motions was June 11, 2018. (Doc # 33) Abdi has not offered the Court a legitimate reason as to why he failed to include any additional arguments in his Motion to Suppress. Abdi only asserts that another review of the record evidence, in combination with the Court's positions in its Order, led him to believe that the Court should further evaluate his arguments. The Court does not find Abdi's assertion to be compelling. As the Government mentions, Abdi's Motion is based on evidence that was previously accessible. The Court is not prepared to give Abdi a second chance at raising issues simply because he has had more time to assess his potential arguments.

**C. Fourth Amendment Claim**

Although the Court finds that Abdi's Motion is untimely, it will address the Fourth Amendment claim that he raises. Abdi argues that Sergeant Gardzella ("Gardzella") lacked the reasonable suspicion required to conduct the *Terry* stop. Abdi asserts that the illegal *Terry* stop violated his Fourth Amendment rights. Due to this alleged constitutional violation, Abdi contends that the Court should suppress: (1) any physical evidence that was acquired based on the unlawful *Terry* stop; and (2) all of his statements made to authorities after the unlawful *Terry* stop occurred.

4

The Government argues that Gardzella had the reasonable suspicion necessary to engage in a lawful *Terry* stop with Abdi. It is also the Government's contention that Gardzella was provided with more than enough information to have reason to believe that Abdi robbed the CVS Pharmacy. Gardzella was instructed to be on the lookout for: (1) a man that was similar looking to Abdi; and (2) the exact vehicle that Abdi was driving.

Under the Fourth Amendment, law enforcement officer may initiate a conversation with a citizen without implicating Fourth Amendment rights. *United States v. Mendenhall*, 446 U.S. 544, 553-54 (1980). An investigatory (*Terry*) stop or detention requires that the officer has reasonable suspicion that a crime may have occurred. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). *See also United States v. Sokolow*, 490 U.S. 1, 7 (1989) (citing *Terry*, 392 U.S. at 30) (reasonable suspicion that a crime "may be afoot" will support a lawful investigatory stop). The officer must possess "a particularized and objective basis for suspecting the particular person ... of criminal activity" based on "specific and articulable facts." *Smoak v. Hall*, 460 F.3d 768, 778-79 (6th Cir. 2006) (internal citations omitted).

The reasonable suspicion "must be supported by specific and articulable facts that would warrant a man of reasonable caution in the belief that the action taken was appropriate." *Terry*, 392 U.S. at 88 (internal quotations and citation omitted). Reasonable suspicion "requires more than a mere hunch, but is satisfied by a

likelihood of criminal activity less than probable cause, and falls considerably short of satisfying a preponderance of the evidence standard. If an officer possesses a particularized and objective basis for suspecting the particular person of criminal activity based on specific and articulable facts, he may conduct a Terry stop." *Dorsey v. Barber*, 517 F.3d 389, 395 (6th Cir. 2008) (quoting *Smoak*, 460 F.3d at 778-79).

> In *U.S. v. Arvizu*, 534 U.S. 266, 273-274 (2002), the Supreme Court stated:
>
> When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the "totality of the circumstances" of each case to see whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing. *See, e.g.*, [*United States v. Cortez*, 499 U.S. 411, 417–18 (1981)]. This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person." *Id.*, at 418. *See also Ornelas v. United States*, 517 U.S. 690, 699 (1996).

"The court should ask whether the agents acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed ... after the fact." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). "[T]he determination of reasonable suspicion must be based on commonsense judgments and inferences about human behavior." *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000)(citing *U.S. v. Cortez*, 449 U.S. 411, 418 (1981)).

Here, Gardzella had the adequate reasonable suspicion necessary to stop Abdi. Case law demonstrates that Abdi's Fourth Amendment rights were not violated since Gardzella's particularized and objective basis for suspecting that Abdi robbed the CVS Pharmacy derived from the information he received from the police dispatcher. It was relayed to Gardzella that the robbery was committed by a black man driving a white Buick Rendezvous. (Doc # 35-2, Pg. ID 114) Gardzella was also notified of the time and place of the robbery. Given that Abdi matched the description of the man suspected of robbing the CVS Pharmacy, was driving the same vehicle described in the dispatch broadcast, and was found by Gardzella near the scene of the crime soon after it was committed, the Court finds that Gardzella had the reasonable suspicion required to stop Abdi in the manner that he did.[1]

### III. ORAL MOTION FOR WITHDRAWAL OF ATTORNEY

The Local Rules provide that an attorney making an appearance on behalf of a defendant continues to represent the defendant through an appeal unless the district court grants a motion to withdraw prior to the notice of appeal being filed. E.D. Mich. L.Cr.R. 57.1(a). It is well established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or,

---

[1] The Court goes into greater detail about the specifics of the stop and the information that was provided to Gardzella before the *Terry* stop occurred in its previously issued Order granting in part and denying in part Abdi's Motion to Suppress. (Doc # 41, Pg. ID 169-171)

7

alternatively, to represent himself in such proceedings. *Faretta v. California*, 442 U.S. 806 (1975). The "essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). The Sixth Amendment does not guarantee a "meaningful relationship" between a defendant and his attorney. *Morriss v. Slappy*, 461 U.S. 1, 14 (1983). A motion for new court appointed counsel based upon a defendant's dissatisfaction with his counsel is addressed to the sound discretion of the trial court. *United States v. White*, 451 F.2d 1225 (6th Cir. 1971). The defendant's right "to court appointed counsel does not carry with it the right to select a particular attorney." *Id.*

When Abdi was in Court for a hearing on his Motion for Leave to File Motion to Suppress, he expressed to the Court, through his attorney, that he wished to have different representation. Stout stated to the Court that Abdi was not satisfied with her representation because she: (1) did not sufficiently raise his Fourth Amendment concerns in his Motion to Suppress; and (2) forced him to consider taking a Rule 11 plea agreement even though he repeatedly asserted that he was not interested in the Government's offers. The Court denied Abdi's Motion on the record during the hearing.

In addition to the reasons set forth on the record, the Court further finds that there has been no breakdown in the attorney-client relationship between Stout and Abdi. Regarding Abdi's first concern, as the Court noted above, even if Stout had provided the Court with a more expansive argument explaining why Abdi's Fourth Amendment rights had been violated, it would not have affected the outcome of the Court's ruling. As for Abdi's second concern, Stout's actions were not only permissible, but required by law. The Supreme Court ruled in *Missouri v. Frye*, 566 U.S. 134 (2012) that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. Based on Stout's comments to the Court, she lawfully explained to him the terms of the plea offered by the Government. The Court does not find Abdi's concerns with his current representation warrants appointing him another attorney. Further, Stout is Abdi's third attorney; he has no right to select a particular attorney.[2]

## IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant Mohamed Abdi's Motion for Leave to File Motion to Suppress (Doc # 44) is **DENIED.**

---

[2] Abdi's second attorney replaced his first attorney on December 4, 2017. (Doc # 16) The Court granted Abdi's request for a third attorney on March 14, 2018. (Doc # 30)

**IT IS FURTHER ORDERED** that Defendant Mohamed Abdi's Oral Motion for Withdrawal of Attorney is **DENIED.**

                                                        s/Denise Page Hood
                                                        Chief Judge, U. S. District Court

Dated: November 8, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 8, 2018, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager