UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,    Crim. Case No. 17-cr-20738

-vs-    Hon. Denise Page Hood

MOHAMED ABDI,

    Defendant/Petitioner.
_____/

# ORDER GRANTING GOVERNMENT'S MOTION AND ADVISING PRO SE PETITIONER OF ATTORNEY-CLIENT PRIVILEGE WAIVER

Petitioner Mohamed Abdi filed a motion to vacate his sentence under 28 U.S.C § 2255. (*ECF Doc. 100*). Among other claims, Abdi alleges that he received ineffective assistance from his trial counsel, Attorney Kimberly Stout. In response, the Government filed a motion asking the Court to find a waiver of the attorney-client privilege, direct Abdi's trial counsel to provide information and, if necessary, testimony related to the ineffective assistance claim, and extend the time to respond to the petition.

On January 30, 2022, Petitioner Abdi filed a response to the Government's Motion indicating he does not object to an extension of time as requested by the Government. Abdi's counsel has forwarded

the motion to his client requesting an additional 30 days to determine from his client whether Abdi desires to proceed with his Section 2255 Petition or withdraw the ineffective assistance of counsel claim.

The attorney-client privilege protects certain communications between an attorney and client from disclosure without the client's permission. *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005). The privilege applies to "all stages of all actions, cases, and proceedings" including habeas proceedings. *Id.* (quoting Fed. R. Evid. 1101(c)). But "the attorney-client privilege cannot be used as a sword and a shield at the same time." *United States v. Lossia*, No. 04-80422, 2008 WL 192274, at *1 (E.D. Mich. Jan. 23, 2008) (Pepe, M.J.). "The privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *Lott*, 424 F.3d at 452. For instance, a habeas petitioner who "injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct" waives the attorney-client privilege by implication. *Id.* (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir.2001)). Then, the Court will construe the implied waiver narrowly, only "to the extent necessary to

2

litigate a petitioners' ineffective assistance of counsel claims." *Id.*

Here, Abdi alleges ineffective assistance from Attorney Stout. Specifically, Abdi alleges that he received ineffective assistance of counsel because counsel failed to make certain arguments related to his detention and arrest, failed to call his mother as an alibi witness at trial, and failed to explore Abdi's alleged use of Xanax prior to his police interrogation. The Government cannot adequately investigate and respond to Abdi's motion without obtaining information from Attorney Stout regarding her communications with Abdi.

If Abdi chooses to preserve the attorney-client privilege between himself and Attorney Stout, he may withdraw the ineffective-assistance-of-counsel claim. If Abdi fails to withdraw the ineffective-assistance-of-counsel claim, the Court will recognize that Abdi has waived the attorney-client privilege and work-product privilege to the extent necessary to litigate his claim. Moreover, the Court will order Attorney Stout to provide testimony and all documents and communications with Abdi relating to Abdi's claims.

After reviewing the Government's motion and Abdi having no objection to the extension of time requested,

3

Accordingly,

IT IS **ORDERED** that the Government's Motion (ECF No. 104) is **GRANTED**. Unless Petitioner notifies in writing that the ineffective-assistance-of-counsel claim is withdrawn by **March 4, 2022**, the Court will consider Petitioner to have waived the attorney-client privilege to the extent necessary to litigate his claim, and the Court will reset the briefing schedule.

IT IS FURTHER **ORDERED** that the parties submit a proposed briefing/discovery schedule if the matter so proceeds.

                                               s/Denise Page Hood
                                               Honorable Denise Page Hood
                                               United States District Court Judge

DATED: February 1, 2022