**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

Criminal Case No. 17-20738
Civil Case No. 22-10013

v.

HON. DENISE PAGE HOOD

MOHAMED ABDI (D-1),

Defendant-Petitioner.
______________________________/

**OPINION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [100], DENYING RELATED MOTIONS [115, 116, 122, 125, 126], DISMISSING CIVIL CASE NO. 22-10013, AND DENYING CERTIFICATE OF APPEALABILITY**

The matter is before the Court on Defendant-Petitioner Mohamed Abdi's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (ECF No. 100.) The Government opposes the motion and Abdi replied. (ECF Nos. 108, 111, 112.) Abdi also filed several related motions.[1] (ECF Nos. 115, 116, 122, 125, 126.) The Government filed a response and Abdi replied to two of those motions. (ECF Nos. 117, 119, 123, 124.) For the reasons below, the Court denies Abdi's motions.

---

[1] Abdi's § 2255 motion was filed on his behalf by counsel, but the remaining motions were filed pro se. The Court previously granted counsel's motion to withdraw. (ECF No. 121.)

## I. BACKGROUND

This case stems from a string of armed robberies. On November 20, 2018, out of eighteen counts charged in a Superseding Indictment, a jury found Abdi guilty of nine Hobbs Act violations, *see* 18 U.S.C. § 1951(a), guilty of eight counts of use of a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A)(ii), and not guilty of one count of use of a firearm during and in relation to a crime of violence (Count Four). (ECF Nos. 21, 65.) The Court sentenced Abdi to fifty-six years plus nine days in prison on July 11, 2019, and judgment was entered on August 2, 2019. (ECF No. 83.) Following an appeal, the Sixth Circuit affirmed the judgment on September 16, 2020, and the mandate issued on October 8, 2020. (ECF Nos. 97, 98.) Abdi filed his § 2255 motion on January 4, 2022.

## II. MOTION TO VACATE SENTENCE (ECF No. 100)

Abdi claims his counsel, Attorney Kimberly Stout, was ineffective at the trial and appellate court levels and that the Court erred when it denied his request for new counsel prior to trial. The Government argues that the motion is untimely, Abdi procedurally defaulted his claims by not raising them on direct appeal, and his claims fail on the merits.

### A. Standard of Review

Section 2255 authorizes a federal prisoner to move the district court to vacate,

set aside, or correct a sentence. § 2255(a). Motions brought under § 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996. *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). In order to prevail on a § 2255 motion, a petitioner must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

A court may not conduct collateral review of an issue that has been decided on direct appeal. *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996). A court also may not conduct a collateral review of an issue that has been procedurally defaulted by the defendant's failure to raise the grounds for review on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Section 2255 is not a substitute for a direct appeal, and a defendant cannot use it to circumvent the direct appeal process. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000).

**B. Timeliness of Motion**

The Government asserts that Abdi's § 2255 motion is untimely because it was filed after the one-year limitations period expired. Abdi argues that the Court should apply equitable tolling to the limitations period due to the extraordinary

circumstances of the COVID-19 pandemic.

A defendant has one year from "the date on which the judgment of conviction becomes final" to file a § 2255 motion. § 2255(f)(1). For a defendant who does not file a petition for a writ of certiorari with the Supreme Court, like Abdi, the "judgment becomes final when the time to seek certiorari expires." *See Kemp v. United States*, 596 U.S. 528, 531 (2022). Usually, the deadline for seeking certiorari is 90 days after entry of the judgment. *See* S. Ct. R. 13.1. But the Supreme Court extended this deadline to 150 days during the COVID-19 pandemic. *See Miscellaneous Order Addressing the Extension of Filing Deadlines*, 589 U.S. 1271, 1271 (2020). The extension applied to final judgments issued between March 19, 2020, and July 19, 2021. *See id.*; *Miscellaneous Order Rescinding COVID-19 Related Orders*, 210 L. Ed. 2d 999, 999 (2021).

Here, the Sixth Circuit issued its order affirming Abdi's convictions on September 16, 2020, which was during the time the Supreme Court order extending the deadline was in effect, and Abdi did not seek certiorari. So, the limitations period began on February 13, 2021, 150 days after September 16, 2020, and it expired one year later, on February 13, 2022. Because Abdi filed his § 2255 motion on January 4, 2022, it is timely. *See Barnett v. United States*, No. 23-5915, 2025 WL 87966, at *2 (6th Cir. Jan. 10, 2025).

**C. Procedural Default**

The Government argues that Abdi procedurally defaulted his claims by not raising them on direct appeal. Abdi argues that his claims are all ineffective assistance of counsel claims that may be raised for the first time in a § 2255 motion.

Under the procedural default rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro*, 538 U.S. at 504. This rule aims to promote the conservation of judicial resources and to "respect the law's important interest in the finality of judgments." *Id.* The Supreme Court has held, however, that an ineffective assistance of counsel claim may be brought for the first time in a collateral proceeding under § 2255 or else "defendants would feel compelled to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.* The Supreme Court reasoned that district courts are better suited for assessing the adequacy of representation during an entire trial. *Id.* at 505. For this reason, the Sixth Circuit "typically will not review a claim of ineffective assistance of counsel on direct appeal except in rare cases where the error is apparent from the existing record." *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006). Thus, the Court does not find that Abdi procedurally defaulted his ineffective assistance of counsel claims and will decide them on the merits.

Whether the Court erred in denying Abdi's motion to substitute counsel, however, is "analytically distinct from the issue of whether there was ineffective assistance of counsel." *See Gross v. Warden*, 426 F. App'x 349, 359 (6th Cir. 2011). Thus, that issue was defaulted when it was not raised on direct appeal. But even if it were properly before the Court, it does not warrant relief, as will be discussed below.

**D. Ineffective Assistance of Counsel**

Abdi brings several ineffective assistance of counsel claims. The Government argues that these claims do not warrant relief.

Under the Sixth Amendment, a defendant has a right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish an ineffective assistance of counsel claim, the defendant must prove both that 1) "counsel's performance was deficient" and 2) "the deficient performance prejudiced the defense." *Id.* The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," and the second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

"[T]here is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). Because the defendant

must overcome the presumption that the challenged action may be considered sound strategy, *Strickland*, 466 U.S. at 689, "[a] reviewing court must give a highly deferential scrutiny to counsel's performance," *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The defendant bears the burden of proving both prongs of the analysis. *Id.* at 687.

### 1. Failure to Challenge *Terry* Stop

Abdi first argues that counsel was ineffective when she did not include a Fourth Amendment challenge to the underlying *Terry* stop in his initial motion to suppress. That motion, which the Court granted in part after holding an evidentiary hearing, only raised issues related to his *Miranda* rights. (ECF Nos. 35, 41.) Counsel later raised the Fourth Amendment claim in a motion for leave to file another motion to suppress brought one week before trial. (ECF No. 44.) The Court found the motion untimely but also addressed it on the merits and found no Fourth Amendment

violation. (ECF No. 57, PageID.311-314.) The Sixth Circuit affirmed. *United States v. Abdi*, 827 F. App'x 499, 505 (6th Cir. 2020).

Abdi now argues that if the Fourth Amendment issue had been raised in a timely fashion, he would have testified that he was not wearing a green hat as the suspect was described to have been doing. (*See* ECF No. 100-2, PageID.1767.) He takes issue with counsel not calling the arresting officer as a witness during the hearing and not insisting that the dispatch tape be produced.

This Court found that the officer had adequate reasonable suspicion to conduct a *Terry* stop not only because Abdi matched the description of the suspect but also because he was driving the same vehicle described in the dispatch broadcast, a white Buick Rendezvous, and was found near the scene of the crime soon after it was committed. (ECF No. 57, PageID.314.) In affirming, the Sixth Circuit noted that "in a similar case, we held that reasonable suspicion 'clearly' existed on less." *Abdi*, 827 F. App'x at 505. There, the court found "reasonable suspicion where an officer saw a damaged vehicle matching the description of a suspected burglary getaway car, driving miles away from the scene a full twenty-five minutes later, even though the vehicle type and number of passengers inside did not match the description given to authorities." *Id.* at 505 (citing *United States v. Hurst*, 228 F.3d 751, 757 (6th Cir.

2000)). Thus, even if Abdi testified that he was not wearing a green hat, this would not have altered the conclusion that there was reasonable suspicion to stop him.

Moreover, Abdi does not indicate what testimony the arresting officer would have provided in support of a Fourth Amendment challenge. *See United States v. Guzman*, No. 5:16-cr-41-JMH-EBA-1, 2019 WL 4120811, at *4 (E.D. Ky. Aug. 29, 2019) (noting that a defendant bringing an ineffective assistance of counsel claim based on the failure to call a witness must show "the details of what the uncalled witness would have testified to" and "that the testimony of the uncalled witness would have produced a different, more favorable result at trial") (quotation marks and citation omitted). Similarly, Abdi does not explain how the dispatch tape would have led to a different outcome.[2]

Because Abdi has not shown that raising the Fourth Amendment claim earlier would have produced a different, more favorable result at trial, his ineffective assistance of counsel claim on this basis fails.

---

[2] In his pro se filings, Abdi speculates that there never was a call describing the suspect. But the arresting officer testified during trial that he was responding to a report he heard over the dispatch regarding a robbery at a CVS store where the suspect had left in a white Buick Rendezvous. (ECF No. 68, PageID.442.) And "self-serving speculation" is not sufficient to sustain an ineffective assistance of counsel claim. *See Guzman*, 2019 WL 4120811, at *4.

**2. Failure to Raise Issue Regarding Alleged Xanax Use**

Abdi argues that counsel was ineffective for failing to argue his confessions were not voluntary because he had taken a Xanax pill the day he was stopped. Counsel has attested to the fact she did not believe that Abdi's alleged Xanax use had any impact on his confession. (ECF No. 108-2, PageID.1810.) Abdi's confessions were recorded, and part of the audio was played during the evidentiary hearing held on the motion to suppress challenging the confessions on a different basis. (*See* ECF No. 86.) Abdi's speech was clear, he responded appropriately to questions, and he did not indicate that he was impaired by drugs. In light of the record, the Court declines to second guess counsel's strategic decision not to raise the issue. Abdi's ineffective assistance of counsel claim on this basis fails as well.

**3. Failure to Raise Alibi Defense**

Abdi argues that counsel was ineffective for failing to raise an alibi defense. In support of this claim, Abdi has provided an affidavit from his mother stating that she could have provided an alibi for Abdi during the time of the robbery that took place in Allen Park on July 11, 2017,[3] and that she had informed counsel of her desire to provide this testimony prior to trial. (ECF No. 100-3.) Abdi's sister has also

[3] This robbery was charged in Counts 5 and 6 of the superseding indictment. (ECF No. 21, PageID.44-45.)

provided an affidavit indicating that she saw her brother on facetime at her mother's house during the day in question and that she was present when this was relayed to counsel. (ECF No. 111-5.) Counsel, however, has provided an affidavit attesting to the fact that Abdi and his mother never provided an alibi for any of his crimes. (ECF No. 108-2, PageID.1810.) In light of this affidavit and the entire record in this matter, the Court finds the purported alibi defense incredible and contradicted by the record.

Ultimately, however, the Court need not resolve this factual dispute because even if Abdi had informed counsel of an alleged alibi and she failed to raise it, he cannot show prejudice given the amount of incriminating evidence against him, including his own confessions. Thus, Abdi's ineffective assistance of counsel claim based on a potential alibi defense is of no avail.

**4. Appellate Counsel**

Abdi argues counsel was ineffective for failing to raise the claims he brings in this motion on appeal.[4] But Abdi does not explain how these claims were "clearly stronger" than the issues that counsel raised on appeal. *See Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) ("Generally, only when ignored issues are clearly

---

[4] Counsel raised the Fourth Amendment issue on appeal, but the Sixth Circuit found there was reasonable suspicion for the *Terry* stop. *See Abdi*, 827 F. App'x at 505.

stronger than those presented[] will the presumption of effective assistance of counsel be overcome.") (quotation marks and citation omitted). And the Court has now considered and rejected his claims on the merits. Thus, Abdi has not shown ineffective assistance of appellate counsel.

**E. Denial of Request for Substitute Counsel**

Abdi argues that the Court erred when it did not grant his motion for new counsel prior to trial. The Government argues that the Court's denial of his motion was appropriate.

"[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). "A motion for new court-appointed counsel based upon defendant's dissatisfaction with his counsel previously appointed is addressed to the sound discretion of the trial court" and is reviewed "for an abuse of discretion." *United States v. Trujillo*, 376 F.3d 593, 606 (6th Cir. 2004) (quotation marks and citations omitted). Factors considered in that review include:

> (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice.

*Id.*

Here, Abdi's motion was untimely. Abdi sought to replace his third court-appointed attorney only days before trial.[5] Ms. Stout had been representing him for months and the appointment of new counsel would have likely warranted a continuance. *See United States v. Whitfield*, 259 F. App'x 830, 834 (6th Cir. 2008) (noting that "when the granting of the defendant's request would almost certainly necessitate a last-minute continuance, the trial judge's actions are entitled to extraordinary deference") (quotation marks and citation omitted). Thus, the first factor weighed heavily against Abdi's request.

Moreover, the Court satisfied its obligation to inquire into the matter by allowing both counsel and Abdi to explain the reasons for the request. *See* ECF No. 110, PageID.1827-32; *see also United States v. Marrero*, 651 F.3d 453, 465 (6th Cir. 2011) (noting that "to meet this requirement, the district court simply must allow a defendant the opportunity to explain the attorney-client conflict as he perceives it"). Abdi stated that he thought counsel had "done a wonderful job so far," but that she had not sufficiently raised a Fourth Amendment issue regarding the *Terry* stop and was pressuring him to take a Rule 11 plea agreement. ECF No. 110, PageID.1831. The Court found no breakdown in communication that would warrant the

---

[5] Abdi made his oral motion for new counsel during a hearing that took place on November 7, 2018. *See* ECF No. 110. The new trial date of November 14, 2018, was set during that same hearing. *See id.*

appointment of new counsel. *Id.* at PageID.1832. In doing so, the Court noted that there was a pending motion raising the Fourth Amendment issue, which the Court ultimately found did not warrant relief. *See id.*; *see also* ECF No. 57, PageID.311-315. The Court also noted that counsel had an obligation to communicate any plea offers to her client. ECF No. 57, PageID.316.

In sum, Abdi's concerns did not outweigh the untimeliness of the request or the public's interest in the prompt and efficient administration of justice. The denial of his motion for new counsel prior to trial was appropriate.

## III. RELATED MOTIONS

### A. Motion for Status of Case (ECF No. 115)

During the pendency of this motion, Abdi filed a motion requesting an update regarding the status of his case. The Court's denial of Abdi's § 2255 motion renders this motion moot.

### B. Motions for Discovery, All Points Bulletin, and Summary Judgment (ECF Nos. 116, 122, 125)

Abdi has filed three motions requesting discovery; in particular, Abdi seeks production of the tape of the dispatch broadcast describing the suspect that led to the underlying *Terry* stop. But "[h]abeas petitioners have no right to automatic discovery," *Standford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), and the Court does not find "good cause" for discovery here, *see* Rule 6 of the Rules Governing

Section 2255 Proceedings. As discussed above, there is no indication that the dispatch tape or any other evidence would alter the conclusion made by both this Court and the Sixth Circuit that there was adequate reasonable suspicion to stop Abdi. Thus, the Court denies Abdi's motions for discovery.

### C. Motion for an Evidentiary Hearing (ECF No. 126)

Abdi requests an evidentiary hearing. Generally, an evidentiary hearing is not required if "the record conclusively shows that the petitioner is entitled to no relief." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotations and citation omitted). In other words, a hearing is not required if "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact." *Id.* Moreover, "[w]here, as here, the judge considering the § 2255 motion also presided over the trial, the judge may rely on her recollections of the trial." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citation omitted).

The Court has considered all of the factual allegations made by Abdi and finds no material factual dispute that is of consequence to his § 2255 motion. *See Cochran v. United States*, 153 F. App'x 366, 369-71 (6th Cir. 2005) (noting that "a material factual dispute must be shown to warrant an evidentiary hearing" and holding that there were no "facts that would justify expenditure of judicial resources to conduct

an evidentiary hearing" in that case). Because the record conclusively shows that Abdi is not entitled to relief, *see Valentine*, 488 F.3d at 333, the Court declines to conduct an evidentiary hearing.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Rule 11 of the Rules Governing Section 2255 Proceedings states that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted).

Because Abdi has failed to show that reasonable jurists could debate whether his petition should have been resolved in a different matter, the Court denies him a certificate of appealability.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Abdi's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 17-20738, ECF No. 100]** is **DENIED.**

IT IS FURTHR ORDERED that Abdi's related motions **[Criminal Case No. 17-20738, ECF Nos. 115, 116, 122, 125, 126]** are **DENIED**.

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No. 22-10013]** is **DISMISSED** with prejudice and the case is designated as **CLOSED** on the Court's docket**.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

SO ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2026